**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KEITH A. RILEY,

Plaintiff

v.

DARIN BALAAM, et al.,

Defendants

Case No.: 3:25-cv-00733-ART-CSD

**Order**

Re: ECF No. 15

Plaintiff Keith A. Riley, an inmate currently in the custody of the Nevada Department of Corrections, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations that occurred when he was a pretrial detainee in the custody of Washoe County. (ECF No. 1-1.) On August 7, 2026, the court screened the complaint and allowed Plaintiff to proceed with claims against Washoe County Sheriff's Deputy R. Russo and John Does 2–5. (ECF No. 12.) The court dismissed Washoe County Sheriff Darin Balaam without prejudice. (*Id.*)

Before the court is Plaintiff's motion for leave to amend as well as a proposed first amended complaint (FAC). (ECF No. 15.) Plaintiff's motion to amend is granted as Plaintiff was not required to seek leave to amend under Federal Rule of Civil Procedure 15 as he is permitted to amend once as a matter of course within 21 days of serving the complaint, and his complaint has not yet been served. The court now screens the proposed FAC.

///

///

///

## I. SCREENING

### A. Standard

Under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g.*, *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

The FAC asserts claims against Washoe County Sheriff Deputies Robert Russo Jr., Dennis Manor, and Blake Murphy, Washoe County Sheriff van transport driver John Doe, Washoe County Sheriff's Office Supervisor Aaron Tracy, and Washoe County Detention Center (WCDC) Physician's Assistant Rex Weeks. The FAC's allegations arise from events that occurred at the Washoe County courthouse and WCDC.

Plaintiff alleges that on the morning of March 28, 2024, he was at the Washoe County courthouse as a pretrial detainee. Deputy Russo pushed him into the back of an elevator. When the door opened, Russo pulled on Plaintiff's elbow, causing him to trip over his leg chains. Plaintiff fell out of the elevator onto his head, hurting his head and hip. Russo pulled Plaintiff the rest of the way out of the elevator by his legs, aggravating his genetic hip disorder.

Deputies Manor and Murphy helped pull Plaintiff from the elevator. Manor or Murphy—although Plaintiff does not know which—grabbed him by his shoulders and placed a knee into

Plaintiff's back. Plaintiff told the deputy that he was hurting him, and the deputy told him to shut his mouth. Plaintiff's glasses fell off and broke; he tried unsuccessfully to retrieve them.

A deputy wheeled Plaintiff to the transport van and started to remove his leg chains. Deputy John Doe, a Washoe County Sheriff van transport driver, forced Plaintiff's head back and told him not to watch. As Deputy John Doe forced Plaintiff into the van, Plaintiff told him he was hurting his leg and hip. Deputy John Doe swore at Plaintiff and forced him into the van; Plaintiff had to pull himself up onto the seat causing hip, leg, and back pain.

When Plaintiff returned to WCDC, he asked jail nurse Rex Weeks to examine him. Weeks told Plaintiff that he did not see anything wrong with him and that the x-ray technician was not there. Plaintiff never saw a doctor. He was "put in a jail cell, on the floor, with no pain medication or mental health care." He was on the cell floor for three days before receiving a bed. Two weeks later, he received an x-ray. When Plaintiff tried to explain how serious his pain was, a deputy said that he did not care.

Based on these allegations, Plaintiff asserts the following claims: (1) Fourteenth Amendment excessive force violations, (2) Fourteenth Amendment inadequate medical care violations, and (3) violations of the Americans with Disabilities Act.

**1. Fourteenth Amendment Excessive Force**

A pretrial detainee states a claim for excessive force under the Fourteenth Amendment if he pleads facts showing that the force purposely or knowingly used against him was objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). Courts review these claims "from the perspective of a reasonable officer on the scene, and take into account the particular facts and circumstances of each case." *Bell v. Williams*, 108 F.4th 809, 819 (9th Cir.

2024) (citation modified) (quoting *Kingsley*, 576 U.S. at 397). Factors that courts consider when examining these claims include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

**a. Deputy Russo**

Plaintiff alleges that Russo pulled him out of an elevator, causing him to trip over his leg chains. Plaintiff fell partway out of the elevator onto his head, hurting his head and hip. As the court concluded in its initial screening order, Plaintiff states a colorable claim of excessive force against Russo.

**b. Deputies Manor or Murphy**

Plaintiff alleges that Deputy Manor or Deputy Murphy pulled him up by the shoulders while placing a knee in his back. He alleges that he told the deputy that he was hurting Plaintiff's back and hip, and the deputy told him to "shut [his] f***ing mouth." Construing these allegations liberally, Plaintiff states a colorable claim for excessive force against Deputy Manor or Deputy Murphy. Plaintiff can move to dismiss the deputy who was not responsible for the alleged constitutional injury when he learns the identity of the proper deputy during discovery.

**c. Deputy John Doe Van Driver**

Plaintiff alleges the Deputy John Doe van driver forced Plaintiff into a transport van, hurting his leg and hip. When Plaintiff told the Deputy John Doe van driver he was causing Plaintiff pain, the deputy responded by calling Plaintiff a "piece of sh**" and forced him into the van, causing further pain. Construing the allegations liberally, Plaintiff states a colorable claim of excessive force against the Deputy John Doe van driver when Plaintiff learns his or her identity.

**2. Fourteenth Amendment Inadequate Medical Care**

Pretrial detainees may raise inadequate medical care claims under the Fourteenth Amendment's Due Process Clause. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). The Court evaluates these claims under an objective deliberate-indifference standard. *Id.* at 1125. The elements of a pretrial detainee's Fourteenth Amendment inadequate medical care claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* The third element requires the defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each particular case. *Id.* A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* "The 'reckless disregard' standard is a formidable one." *Fraihat v. U.S. Immigration and Customs Enforcement*, 16 F.4th 613, 636 (9th Cir. 2021) (analyzing federal detainees' claims under the Fifth Amendment). "Neither 'mere lack of due care,' nor 'an inadvertent failure to provide adequate medical care,' nor even 'medical malpractice,' without more, is sufficient to meet this standard." *Id.* (cleaned up) (collecting cases).

Plaintiff alleges that when he returned to WCDC he was taken to medical for examination. Nurse Weeks allegedly did not examine Plaintiff. Instead, Nurse Weeks said that he did not see anything wrong with Plaintiff and that the x-ray technician was not there. Plaintiff never saw a doctor. He was put in a cell on the floor with no pain medication or mental health care. Three days later he received a bed, and two weeks later he received an x-ray. Construing

Plaintiff's allegations liberally, he states a colorable Fourteenth Amendment inadequate medical care claim against Weeks.

**3. Americans with Disabilities Act**

Title II of the ADA provides: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Thus, the plaintiff must demonstrate: "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g en banc* (Oct. 11, 2011).

Title II of the ADA "extends to discrimination against inmates in a county jail." *Updike v. Multnomah Cty.*, 870 F.3d 939, (9th Cir. 2017), *cert. denied,* 138 S.Ct. 55 (2018) (citing *Penn. Dep't of Corr. v. Yetsky*, 524 U.S. 206, 210 (1998)).

Plaintiff alleges ADA violations against defendants Russo, Murphy, Manor, Deputy John Doe van driver, and Weeks. He asserts that Defendants' conduct aggravated a preexisting hip disorder that renders him disabled.

Plaintiff alleges he has a disability but he does not include allegations about how his disability limits his life activities so as to meet the definition of a qualified individual with a disability under the ADA. *See Adom v. Cal. Dept. of Corr. and Rehab.*, --- F.4th ---, 2026 WL 2639549, at *6 (9th Cir. 2026) (citing 42 U.S.C. § 12102(1)(A).

Moreover, there must be a nexus between the alleged disability and the denial of benefits or services. *Id*. at *10. Plaintiff has not alleged facts showing that he was denied benefits or services by Defendants *because of* his disability.

Finally, a plaintiff cannot maintain a claim under the ADA against a defendant in his individual capacity. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2022). Instead, “[p]ublic entities are vicariously liable for the acts of their employees in violation of Title II.” *Duvall*, 260 F.3d at 1141. Insofar as Plaintiff is suing Russo, Murphy, Manor, Deputy John Doe van driver, and Weeks in their individual capacities, the claim is dismissed. However, Plaintiff’s ADA claim will be dismissed with leave to amend to assert a claim supported by adequate factual allegations against a proper defendant.

**4. Washoe County Sheriff’s Office Supervisor Aaron Tracy**

“In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation[.]” *Id.* (citations omitted). In other words, the plaintiff “must show that each defendant personally played a role in violating the Constitution." *Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019), *cert. denied sub nom.*, *Smith v. Schwarzenegger*, 140 S.Ct. 159 (2019) ("inmates must show that each defendant personally played a role in violating the constitution.").

"'Under section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability.'" *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (en banc) (quoting *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989)). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Id*. (quoting *Hansen*, 885 F.2d at 646).

The causal connection can include: "1) [the supervisor's] own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) conduct that showed a reckless or callous indifference to the rights of others." *Lemire v. Cal. Dep't of Corr.*, 726 F.3d 1062, 1085 (9th Cir. 2013) (citations and internal quotation marks omitted). "

Plaintiff alleges that Tracy failed to supervise the other defendants, but Plaintiff's allegations are vague and lack factual enhancement. He fails to provide any detail explaining how Tracy personally contributed to the alleged violations suffered by Plaintiff or a sufficient causal connection between any conduct by Tracy and the alleged constitutional violation. Thus, the court dismisses Tracy without prejudice and with leave to amend.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to amend, (ECF No. 15), is **GRANTED.**

The Clerk shall **FILE** Plaintiff's FAC (ECF No. 15 at 6-13).

The FAC shall **PROCEED** with (1) the Fourteenth Amendment excessive force claims against Deputies Russo, Manor, Murphy, and Deputy John Doe van driver (when Plaintiff identifies him/her); and (2) the Fourteenth Amendment inadequate medical care claim against Nurse Rex Weeks.

Plaintiff's claim against Supervisor Tracy is **DISMISSED WITH LEAVE TO AMEND**.

Plaintiff's ADA claim is **DISMISSED WITH LEAVE TO AMEND**.

Plaintiff has up to and including **November 3, 2026**, to file a second amended complaint (SAC) correcting the deficiencies noted above. The SAC must be complete in and of itself

without referring to or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court.

If Plaintiff fails to timely file a second amended complaint, this action will proceed only with the Fourteenth Amendment excessive force claims against Russo, Manor/Murphy, and Deputy John Doe Van Driver, and the Fourteenth Amendment inadequate medical care claim against Nurse Rex Weeks.

The court will address service once the deadline to file the second amended complaint has expired, or on screening of any proposed SAC.

**IT IS SO ORDERED**.

Dated: October 6, 2026

Craig S. Denney
United States Magistrate Judge