**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KEITH A. RILEY,

Plaintiff

v.

DARIN BALAAM, et al.,

Defendants

Case No.: 3:25-cv-00733-ART-CSD

**Order**

Re: ECF Nos. 20, 21, 24, 25

On August 7, 2026, the court screened Plaintiff's original complaint and allowed it to proceed against Defendant Russo. (ECF No. 12.) The court therefore directed the issuance of summons for Russo and provided Plaintiff with a USM 285 Form so the Marshal could complete service of the summons and complaint on Russo. (*Id.*) While the Marshal attempted service on Russo at the address provided by Plaintiff, the summons was returned as unexecuted. (ECF No. 16.)

Meanwhile, Plaintiff had filed a motion to amend his complaint (ECF No. 15), which the court granted. (ECF No. 19.) The court screened the First Amended Complaint (ECF No. 20) and concluded it could proceed against Defendants Manor, Murphy, Deputy John Doe van driver, and Nurse Rex Weeks, in addition to Defendant Russo. (ECF No.19.) The court granted Plaintiff to and including November 3, 2026, to file any second amended complaint and advised Plaintiff that if he did not do so this action would proceed on the FAC against those defendants identified in the court's screening order. (*Id.*)

Plaintiff did not timely file a second amended complaint, and the time for doing so has expired. Accordingly, **IT IS HEREBY ORDERED** that this action will proceed on Plaintiff's

(1) Fourteenth Amendment excessive force claims against Deputies Russo, Manor, Murphy, and Deputy John Doe van driver (when Plaintiff identifies him/her); and (2) Fourteenth Amendment inadequate medical care claim against Nurse Rex Weeks.

The Clerk of Court shall **ISSUE** summonses for Defendants Russo, Manor, Murphy, and Nurse Rex Weeks, **and deliver the same**, to the U.S. Marshal for service. The Clerk also shall **SEND** sufficient copies of the FAC (ECF No. 20) and this Order to the U.S. Marshal for service on the defendants. The Clerk shall **SEND** to Plaintiff **4** USM-285 forms. Plaintiff will have **21 days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each defendant on each form at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if any of the defendants were not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service or indicating that some other method of service should be attempted.

Under Federal Rule of Civil Procedure 4(m), service must be completed within **90 days** of the date of this Order. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 *before* the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

Plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon the attorneys, a copy of every pleading, motion or other document submitted for consideration by the court. If Plaintiff electronically files a document with the court's electronic

filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1. If Plaintiff mails the document to the court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

**IT IS FURTHER ORDERED** that Plaintiff's motion for alternative service (ECF No. 21) is **DENIED**. The court, by way of this order, has issued another summons and USM 285 Form for Russo. To the extent Plaintiff has sought in his motion permission to serve Russo by alternative means, he has not provided the court with his proposed means of service, nor has he demonstrated that he has acted with due diligence in attempting to serve Russo. *See* Nev. R. Civ. P. 4.4(b).

**IT IS FURTHER ORDERED** that Plaintiff's motion for a status check is **DENIED** as moot. (ECF No. 24.)

**IT IS FURTHER ORDERED** that Plaintiff's motion for discovery is **DENIED**. (ECF No. 25.) Plaintiff's motion is premature. Defendants have not been served, thus, discovery has yet to begin.

//

//

//

**IT IS SO ORDERED**.

Dated: November 25, 2026

Craig S. Denney
United States Magistrate Judge